ILLINOIS EMERGENCY RELIEF COMMISSION, No. 22.

FRANK DISKO, ADMINISTRATOR OF THE ESTATE OF GEORGE KUHTOCK, DECEASED, Claimant *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1937.*

738

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of Frank Disko, Administrator of the Estate of *George Kuhtock, Deceased* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

From the Statement submitted it appears that George Kuhtock was assigned to work, on November 28, 1934, on Construction Project S1-B20-820 of the Illinois Emergency Relief Commission, and was directed by those in charge to go to 849 Townsend Street, Chicago, where some steel lockers were to be moved. While he was moving same down the steps from the fourth floor to the basement, a locker slipped and fell against his left side. He was taken to the Cook County Hospital, and the records of that Institution show that he received a fracture of his left wrist and lacerations of his left leg. The statement further shows that a thirty-five (35) per cent loss of use of the left hand of the employee resulted. George Kuhtock filed an application for an award in the Court of Claims on or about December 12, 1934, the case being C. of C. No. 2554 That claim has never been disposed of and he died March 25, 1937, from bronchial asthma and arteriosclerosis. Claimant herein was appointed Administrator of the Estate and he and his attorney according to the statement have agreed to accept Two Hundred Fifteen ($215.00) Dollars in full settlement of the injuries sustained by him. It is further noted that you have agreed to pay the Cook County Hospital Forty-Two ($42.00) Dollars for services rendered. The payment of this item and any first-aid appear fully justified from the record. From the statement it appears that George Kuhtock did not leave surviving him any widow, child or children or others who would be entitled to an award in case of his death.

The Workmen's Compensation Act contains the following provisions:

"Any right to receive compensation hereunder shall be extinguished by the death of the person entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, *and subject to the provisions of Paragraph (e) of Section 8 of this Act relative to specific loss;* provided, that upon the death of a beneficiary, who is receiving

compensation provided for in Section 7, leaving surviving a parent, sister or brother," etc., etc. "the latter shall receive," etc., etc. (Sec. 21 W. C. A.)

In reading the foregoing we find that the extinguishment of the right to receive compensation is made subject to two conditions, the second being the provisions of paragraph (e) of section 8 of the Compensation Act, relative to specific loss.

The claim in question as now submitted is for a thirty-five (35) per cent specific partial loss of use of the left hand of the employee, George Kuhtock. Payment under the terms of the Act to the claimant herein as Administrator of the Estate of George Kuhtock, deceased is apparently authorized under the wording of the several provisions of the Compensation Act, and in the opinion of this court settlement by your commission with the claimant for the sum of Two Hundred Fifteen ($215.00) Dollars may properly be made.

As it appears that the Cook County Hospital rendered services to George Kuhtock at the request of the Illinois Emergency Relief Commission, and has submitted its bill in the sum of Forty-Two ($42.00) Dollars for such services, payment thereof direct to such Hospital may be legally made.